LAWRENCE A. JACOBSON SB# 057393
SEAN M. JACOBSON SB# 227241
COHEN AND JACOBSON
900 Veterans Boulevard, Suite 600
Redwood City, California 94063
Telephone: (650) 261-6280
Facsimile: (650) 368-6221

Attorneys for Debtor
Valley Corp. B

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re: | Case No. 07-54072 ASW |
| VALLEY CORP B. fdba RJH CORP, | Chapter 11 |
| Debtor. | |
| VALLEY CORP B. fdba RJH CORP, | Adv. Pro. No. 07-5216 ASW |
| Plaintiff, | Date: January 16, 2008<br>Time: 3:30 p.m. |
| v. | Place: Hon. Arthur S. Weissbrodt |
| TY LEVINE; and KAREN LEVINE; | |
| Defendants | |

**POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ISSUANCE OF TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE ISSUANCE OF PRELIMINARY INJUNCTION**

**I.     INTRODUCTION**

Debtor and Plaintiff Valley Corp. B. ("Debtor") filed its Chapter 11 bankruptcy case on December 7, 2007. On December 19, 2007, Debtor initiated the above captioned adversary proceeding for injunctive and declaratory relief. Debtor has filed an Amended Complaint, and

hereby submits its Application for Issuance of Temporary Restraining Order and Order to Show Cause re Issuance of Preliminary Injunction (the "Application").

## II. REQUESTED RELIEF

By this Application Debtor seeks issuance of a Temporary Restraining Order ("TRO") and issuance of an Order to Show Cause Why Preliminary Injunction Should Not Issue. In particular, the Application seeks an order enjoining Defendants' continued prosecution of a certain state court litigation filed by Defendants against both Debtor and Ronald Haas, an individual that is the sole officer and employee of Debtor. The state court litigation is pending in Santa Clara County Superior Court and is identified as Case No. 1-07-CV-081016 (the "State Court Action."). The Application specifically seeks an order preventing the continued prosecution of the State Court Action against Haas, individually, pending confirmation of a plan of reorganization.

## III. FACTUAL BACKGROUND

### A. The Parties

Plaintiff is a corporation duly organized and existing under the laws of the State of California, and is the debtor and debtor in possession in the above-captioned Chapter 11 bankruptcy case. Debtor is a general contractor engaged in the business of performing primarily residential construction work, including the construction of custom homes, as well as improvements and remodeling of existing homes.

Debtor's business requires (1) bidding for awards of construction contracts; (2) hiring of various subcontractors from various trades to perform the requisite work on each job; (3) hiring of carpenters and various tradesmen to perform construction services for the Debtor; (4) the preparation of material take-off projections and material acquisitions for job performance; and (5) managing ongoing projects; and (6) the performance of all associated accounting, bookkeeping, and administrative requirements. Debtor intends to continue its operations as a general contractor during the pendency of its Chapter 11 reorganization case.

Plaintiff is informed and believes that Defendants Ty Levine and Karen Levine (collectively

"Defendants") are individuals residing in Santa Clara County, California. Defendants are individuals that previously engaged Debtor to perform construction services for the building of a custom residence at 700 Benvenue Avenue, Los Altos, California (the "Residence").

Ronald J. Haas ("Haas") is an individual who at all pertinent times has been the Debtor's sole officer, shareholder, and employee.

### B.  The Dispute Between the Parties

The current dispute between the parties, which is the subject of the State Court Action, relates to the construction of the Residence. On or about October 27, 2005, Plaintiff and Defendants entered into a Building Construction Contract (the "Contract") pursuant to which Debtor agreed to construct the Residence for a contract price of $821,078.

A dispute has arisen between the parties with respect to performance of the Contract. On or about March 1, 2007, Defendants commenced a civil action against Debtor and Haas, individually, in Santa Clara County Superior Court, with the case identified as Case No. 1-07-CV-081016 (the "State Court Action."). The State Court Action alleges breach of contract and negligence as to Debtor, and fraud as to Haas, individually.

Debtor and Haas have filed their Answers, and contest all allegations asserted by Defendants in the State Court Action. Debtor contends that all work was performed in a satisfactory and workmanlike manner, and that Debtor has therefore fulfilled its obligations under the contract, save those obligations excused. Based upon the foregoing, Defendants' claim against the estate, if any, is disputed, unliquidated, and contingent.

### C.  The Status of the State Court Litigation

The State Court Action remains pending, however, no trial date has been set. The parties have commenced initial discovery, comprising solely of written discovery. No depositions have yet taken place. Defendants have estimated that the deposition of Haas, individually and as the representative of Debtor, will require three days of testimony. Debtor's state court counsel estimates that the trial of the State Court Action, in the event that a trial date is eventually set, will require a

jury trial lasting a minimum of five (5) days.

### D. Impact of State Court Litigation on Chapter 11 Proceedings

The pendency of the State Court Action has required significant time and effort, including compliance with discovery obligations, the day-to-day decision making with respect to the State Court Action, and the overriding distraction related to the pendency of the suit.

Pending at this time is also a second state court litigation against Debtor and Haas, with the second suit filed by George Yellich and Patricia Yellich, identified as Santa Clara County Superior Court Case No. 1-07-CV-078805. This second suit involves a dispute regarding a construction project, with the Yellichs alleging construction defects and seeking an accounting. No trial date has been set in this second action, and counsel for the Yellichs withdrew as counsel on December 14, 2007. Debtor and Haas contend that this is a no-liability case, however, Debtor has been forced to defend the second action, along with the time associated therewith.

Aside from the two currently pending litigations, four other litigations have been filed in various venues with respect to other construction projects. Debtor is not yet a party to those proceedings, however, at various times parties to those proceedings have stated that Debtor may be named as a party in the future.

The time and effort required to defend the two pending litigations has caused difficulties for Debtor, especially due to the fact that Haas, Debtor's sole employee, is responsible for acting on the corporation's behalf in defending the lawsuits, continuing ongoing operations, and seeking future business. The totality of these tasks under the current circumstances has placed Debtor under significant stress.

Debtor anticipates that it will book a significant amount of new business in the upcoming three to six months in the range of approximately $2,500,000, from which Debtor will generate substantial profit. Debtor also expects to commence a new project in January, 2008, another project in February, 2008, and will also be involved in bidding on additional jobs. Debtor has expended significant time in effort in the bidding and booking process with respect to these projects since July,

POINTS AND AUTHORITIES                                           4

Case: 07-05216    Doc# 7-1    Filed: 01/11/08    Entered: 01/11/08 11:20:23    Page 4 of 11

2007, and further efforts will be necessary in the upcoming months.

Debtor's primary asset at the present time is an account receivable in the approximate sum of $600,000. The account debtor is Luis Yanez, and the account receivable relates to a project performed at 28025 Natoma, Los Altos Hills, California. The payor has defaulted, and litigation may be required in order to compel payment. The account receivable is subject to applicable mechanic's lien law, and the timing requirements associated therewith. Collection of the account receivable will allow for a successful reorganization by generating a significant fund from which to pay Debtor's creditors. Debtor is seeking the employment of Lester Sachs, Esq., an experienced litigator in Santa Clara County, in order to assist with the collection of the account receivable. Debtor believes that it will have the application for appointment of special counsel on file prior to the hearing date.

Provided that Debtor is afforded the protections attendant with Chapter 11 cases, Debtor is more than likely to prosecute a successful Chapter 11 reorganization case. The funds generated from the account receivable will provide a fund from which to pay allowed claims, including any amount found to be owing on account of the disputed claims following settlement or other proceedings to determine the amount of such claims, if any. Thus, it is very likely that Debtor will successfully reorganize in its Chapter 11 case.

The entirety of the circumstances required the filing of the Chapter 11 proceeding in order to provide Debtor a breathing spell to resolve its financial troubles. In particular, the stay will allow Debtor to focus on collection of the significant account receivable, utilize the proceeds from collection in order to resolve its current disputes, continue its ongoing operations, book new business, and generate future business.

While Debtor has an opportunity to successfully reorganize by continuing ongoing operations while being afforded the opportunity to resolve its current troubles, the continued prosecution of the State Court Action as to Haas individually will hamper Debtor's efforts to reorganize. In the event that the state court litigation proceeds against Haas individually, Haas will

POINTS AND AUTHORITIES 5

Case: 07-05216    Doc# 7-1    Filed: 01/11/08    Entered: 01/11/08 11:20:23    Page 5 of 11

be required to devote significant time to establishing his defense to the State Court Action, including participation in discovery, trial preparation, reviewing witness and expert testimony, and attending trial. This problem is compounded by the fact that Haas is the sole employee of Debtor, and therefore there will be no other individual that can assist Debtor while Haas is devoting significant time to defending the State Court Action.

In the event that Haas is forced to continue defending the State Court Action in his individual capacity, Debtor's business will be adversely affected. Time which would otherwise be spent by Haas in operating the business, commencing currently scheduled projects, collecting the significant account receivable, bidding on projects, and generating future business, will be otherwise devoted to defending the State Court Action.

The involvement of Haas is critical to the successful reorganization of Debtor. Failure to enjoin the prosecution of State Court Action against Haas will have an adverse affect on Debtor by creating detrimental influence and pressure on Debtor through its sole officer and employee. This will cause financial, emotional, and time-related pressures on Haas, and drain the efforts of Debtor's officer and employee.

## IV. LEGAL STANDARD FOR INJUNCTIVE RELIEF

Authority for this court to issue orders providing injunctive relief in bankruptcy cases exists pursuant to 11 U.S.C. § 105, Federal Rule of Civil Procedure 65, and Rule 7065 of the Rules of Bankruptcy Procedure. Courts have held that bankruptcy proceedings are equitable in nature, and accordingly §105 can be used specifically to enjoin litigation against non-debtor individuals that are vital to the Debtor's reorganization effort, pending confirmation of a plan. (*In re Amer. Hardwoods, Inc. v. Deutsche Credit Corp. (9th Cir. 1989) 885 F.2d 621, 624*).

### A. Federal Law Provides Two Alternative Tests

In reviewing proceedings pursuant to 11 U.S.C. § 105 which seek to stay proceedings as to non-debtors, the bankruptcy court applies the "usual preliminary injunction standard" utilized in non-bankruptcy proceedings, subject to certain modifications discussed below. (*In re Excel*

*Innovations, Inc. v. Solidus Networks, Inc.* (9th Cir. Sept. 2007). 502 F.3d 1086, 1094). The usual preliminary injunction standard provides for two alternate balancing tests to evaluate the propriety of injunctive relief.

The first test, sometimes referred to as the "traditional test," focuses upon whether plaintiff has demonstrated: "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." (*Save Our Sonoran, Inc. v. Flowers* (9th Cir. 2005) 408 F3d 113, 1120).

The Ninth Circuit also recognizes the "alternative test" whereby plaintiff is permitted to meet its burden by showing either: (a) a combination of probable success on the merits and the possibility of irreparable injury; or (b) serious questions as to these matters and the balance of hardships tips sharply in plaintiff's favor. (*Id*.) This alternative places less emphasis on the likelihood of success issue and places greater emphasis the relative degree of prejudice to the parties.

These tests are not inconsistent but represent "continuum" of equitable discretion in which a greater showing of the relative hardship requires a lesser showing of probability of success on the merits. (California Practice Guide, Federal Civil Procedure Before Trial, Injunctions, 13:46). This comparison was stated similarly in *State of Alaska v. Native Village of Venetie* (1988) 856 F.2d 1384, 1389: "The critical element in determining the test to be applied is the relative hardship. If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly."

**B.     Modified Standard Utilized in Bankruptcy Cases**

As is indicated above, bankruptcy courts utilize the federal standard in reviewing requests for injunctive relief. However, in the bankruptcy context, a modification is made to the "success on the merits" prong. A Ninth Circuit case published in September, 2007, analyzed this issue and held that, with respect to the likelihood of success on the merits, "a debtor seeking to stay an action against a non-debtor must show a reasonable likelihood of a successful reorganization." (*In re Excel*

*Innovations, Inc. v. Solidus Networks, Inc.* (9th Cir. Sept. 2007). 502 F.3d 1086, 1094).

In discussing the issue, the Court reasoned that the inquiry in ordinary cases involving injunctions is the outcome of a "later proceeding," i.e., trial on the merits of the equitable claim. (*Id.*) However, in seeking a stay of litigation of a non-debtor pending confirmation of a plan of reorganization, the "later proceeding" is the reorganization of the debtor. (*Id.*) Thus, in seeking the injunction which is the subject of this proceeding, the issue of success on the merits necessarily involves whether the debtor is likely to confirm a successful plan of reorganization.

Thus, the modified standard applicable to requests for stays of litigation involving non-debtors is a balance of "whether the debtor has a reasonable likelihood of a successful reorganization, the relative hardship of the parties, and any public interest concerns if relevant." (*Id*. at 21-22).

## IV. LEGAL ANALYSIS

Debtor is seeking issuance of a temporary restraining order and preliminary injunction which will enjoin the prosecution of the State Court Action against Haas, in his individual capacity, pending confirmation of a Chapter 11 Plan of Reorganization. In order to prevail on its request Debtor must establish that the balance of (a) reasonable likelihood of a successful reorganization, (b) relative hardship of the parties, and (c) any public interest, tip in Debtor's favor.

Debtor respectfully submits that the balance of the foregoing factors, each of which weigh in favor of Debtor, tips significantly in favor issuance of the requested injunctive relief under both the traditional and alternative analysis. The enormous hardship to the Debtor, the likelihood of a successful reorganization, and the potential detrimental effect to reorganization and distribution to creditors, demand that an injunction prevent the continued termination of the State Court Action against Haas.

### A. Debtor is More Than Likely to Successfully Reorganize

Debtor filed its Chapter 11 case on December 7, 2007, and is therefore in the preliminary stages of its reorganization case. Nonetheless, Debtor intends to utilize the sizeable account

receivable discussed above in order fund its Chapter 11 Plan.  In particular, Debtor holds an account receivable in the amount of approximately $600,000, which is owing for work performed but for which payment has not yet been made.

Debtor is seeking appointment of state court counsel in order to take the necessary steps to collect the claim, including the commencement of litigation if necessary.  The claim is subject to applicable mechanic's lien laws, and therefore state court counsel will also take the steps required to secure the claim.

By generating a fund of approximately $600,000, Debtor will have a source of funds from which to pay creditors, including any amounts found to be owing with respect to the disputed claims which are the subject of the state court litigations.  In the unlikely event that this sum is insufficient to pay allowed claims, Debtor will continue its active operations and will contribute future earnings towards payment of claims.

Thus, even in the initial stages of this reorganization case, it appears not only that Debtor is more than likely to achieve successful reorganization, but that it will be able to do so in a manner which provides full payment of creditors.

In sum, it is extremely likely that Debtor will successfully reorganize via its Chapter 11 case, and therefore Debtor has firmly established the first prong.  Further, the showing required "is not a high burden, and a strong showing on the likelihood of a successful reorganization lowers the burden to show irreparable harm."  (*The Billing Resource v. FTC* (November 2, 2007, Bank. Ct. N.D. Cal.) 2007 Bankr. Lexis 3789 at Page 27).

**B.  The Balance of Hardships Weighs Significantly in Favor of Debtor**

As is discussed in *The Billing Resource* case, the strong showing regarding likelihood of successful reorganization lowers the burden of demonstrating irreparable harm.  Nonetheless, this factor tips significantly in Debtor's favor.

The bankruptcy is empowered to enjoin actions against non-debtor individuals pursuant to 11 U.S.C. § 105. (*In re Amer. Hardwoods, Inc. v. Deutsche Credit Corp. (9th Cir. 1989) 885 F.2d 621,*

*624*). Further, in reviewing the balance of hardships in injunctive relief cases, the court will look to the impact that continuation of the underlying litigation will have on the Debtor's efforts to reorganize. (*The Billing Resource v. FTC* (November 2, 2007, Bank. Ct. N.D. Cal.) 2007 Bankr. Lexis 3789 at 41).

In recognizing harm to the Debtor by continuation of a regulatory action against the Debtor, the Court in *The Billing Resource* recognized that the Debtor had a relatively small number of employees, and the Debtor's main contact in the bankruptcy case was likewise the main contact in the regulatory action. (*Id.*). In order to facilitate the Debtor's reorganization, the principle "needs to be available to work with Debtor's reorganization counsel, the various secured and unsecured creditors, the Committee, and the United States Trustee. (*Id*. at 41)(*See also Sudbury, Inc. v. Escott*. (Bankr. N.D. Ohio 1992) 140 B.R. 461, 465 (discussing that time constrains involved with corporate officers defending actions against individuals for fraud, to the detriment of the estate, especially given the "dearth" of employees).

In this case, Debtor has a single employee. If the injunction does not issue, Haas will be required to defend the State Court Action and he will be distracted from the tasks which will make this a successful reorganization case, including performance all administrative tasks associated with Chapter 11 cases on behalf of Debtor, pursuing the account receivable on behalf of the bankruptcy estate, conducting ongoing operations, generate future business, and evaluate and prepare bids for new projects. Further, as the sole officer, employee, and shareholder of Debtor, Haas is motivated to seek confirmation of a plan of reorganization.

In the event that the Debtor's efforts at working towards successful reorganization are hampered by continuation of the State Court Action, especially at this early stage in the Chapter 11 case, Debtor will be deprived of the breathing spell provided by the automatic stay. The purpose of bankruptcy protection is to allow the debtor to reorganize its financial affairs. (*The Billing Resource* at 37). Chapter 11 cases in particular are designed to "assist financially distressed business enterprises by providing them with breathing space in which to return to a viable estate." (*Id.*). By

1 | providing a vehicle to reorganize, the entity is furnished the opportunity to continue its operations,
2 | maintain the jobs provided, protect return to its shareholders, and pay creditors. (*Id*.). As is detailed
3 | above, Debtor has already begun working towards a viable plan of reorganization, and must be
4 | provided the benefits afforded in bankruptcy cases.

5 | Defendants will not be harmed if the requested injunction is granted. As a part of the
6 | reorganization case Debtor will generate a fund for payment of any allowed claim of Defendants.
7 | Plaintiff has also invited Defendants' participation in an early settlement discussion in order to work
8 | towards resolution of the parties' disputes. Thus, Defendants will likely benefit from the requested
9 | relief, and will benefit from successful reorganization case. Further, in the unlikely event that the
10 | reorganization is not successful, Defendants will then be permitted to proceed with the State Court
11 | Action in its entirety, rather than in a piecemeal fashion.

12 | **C.  Public Interest**

13 | The limited relevant public interest factors weigh in favor of issuing the requested injunction.
14 | As is discussed above, the purpose of the Chapter 11 case is to provide a breathing spell that allows
15 | Debtor to reorganize its affairs. This purpose is served by providing the requested relief and
16 | allowing Debtor's principle to focus on the Debtor's reorganization. This will also allow Debtor to
17 | complete ongoing jobs and commence those projects scheduled to begin in the coming months, the
18 | performance of which may be hindered if relief is denied. This will avoid detrimental effects to third
19 | parties.

20 | **V.  CONCLUSION**

21 | For the reasons set forth herein, Debtor prays that a temporary restraining order and order to
22 | show cause re issuance of preliminary injunction issue in order to enjoin the prosecution of the State
23 | Court Action against Haas, individually, pending confirmation of a plan of reorganization.

24 | Dated: January 10, 2008    COHEN AND JACOBSON, LLP

25 |

26 |     By:  /s/   Lawrence A. Jacobson
             Lawrence A. Jacobson